RECEIVED
MAR 2 8 2017
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| HARBOR METAL INVESTMENT COMPANY, LLC<br>-vs-<br><br>TRAVIS W. BROWN AND<br>MB DOCK AND STORAGE, LLC | CIVIL ACTION NO. 1:15-CV-02806<br><br>JUDGE DRELL<br><br>MAGISTRATE JUDGE PEREZ-MONTES |

## RULING

Before the Court is the motion of defendants Travis Brown and MB Dock and Storage, LLC (hereinafter "Defendants") for summary judgment. (Doc. 22). All responsive pleadings have been filed (Docs. 26, 27), and the matter is ready for disposition. For the following reasons, Defendants' Motion for Summary Judgment will be **DENIED**.

I.     **Background and Procedural History**

This suit was brought pursuant to diversity jurisdiction under 28 U.S.C. §1332 by plaintiff Harbor Metal Investment Company ("Harbor Metal") on December 8, 2015. There is complete diversity between the parties, as Harbor Metal's domicile was California and China, Defendant Travis Brown was domiciled in Louisiana, and Defendant MB Dock and Storage was domiciled in Louisiana. (Docs. 1, 39). Additionally, jurisdiction is proper as Plaintiff claims over $75,000 in damages, satisfying the complete diversity requirements. (Doc. 1, p. 6).

This suit arises out of an Agreement to Sell and Purchase ("Purchase Agreement") between Harbor Metal and MB Dock and Storage. (Doc. 1, p. 2). The Purchase Agreement, signed on December 8, 2014, stated MB Dock was to purchase land and improvements on the property

1

owned by Harbor Metal for $2.6 million dollars. (Doc. 1, p. 2). Harbor Metal claims that an addendum to the Purchase Agreement allowed it one year from the date of the Purchase Agreement to sell to a third party metal scrapping company a paper machine that was located on the property. (Doc. 1, p.2). The profits from this sale were to be divided between Harbor Metal and MB Dock. (Doc. 1, p.2). Harbor Metal also claims that after the closing of the Purchase Agreement on January 14, 2015, MB Dock intentionally prevented Harbor Metal from selling the paper machine so the year could run and MB Dock could sell the paper machine to another metal scrapping company to retain all the profits from the sale. (Doc. 1, p.3). Harbor Metal further asserts MB Dock removed and sold, without Harbor Metal's knowledge, a pulper machine from the property prior to the consummation of the Purchase Agreement. (Doc. 1, p.6). Harbor Metal claims damages of $825,000 related to the lost income of the sale of the paper and pulper machines, additional damages resulting from Defendants' acts and reasonable attorney's fees. (Doc. 1, p.6).

Defendants filed this motion for summary judgment arguing that the Act of Cash Sale (Doc. 22-3), not the Purchase Agreement, correctly identified the terms of the sale of the property and unambiguously provides the Defendants to be the owners of the paper machine at the time of sale. (Doc. 22, p. 2). Defendants further claim they were entitled to sell the paper machine as its rightful owners. (Doc. 22, p.2-3). Defendants allege the sale of the pulper machine did not comport with the requirements of the Act of Cash Sale, which included notification and approval by MB Dock prior to the sale of any movable. (Doc. 22-2, p.5-6). Harbor Metal has opposed Defendants' motion for summary judgment (Doc. 26) and Defendants timely replied (Doc. 27), completing the record with all necessary briefs.

Having carefully considered the motion, supporting documents, and briefs, we observe the following:

## II. Law and Analysis

### A. Summary Judgment Standard

A court "shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the non-movant bears the burden of proof at trial, the movant need not disprove every element of the non-movant's case; rather, the movant can satisfy his burden by pointing to the absence of evidence to support the non-movant's case. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). Further, we consider "all evidence in the light most favorable to the party resisting the motion." Seacor Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 675, 680 (5th Cir. 2011) (internal quotations omitted). In this analysis, we review facts and draw all inferences most favorable to the nonmovant, "[h]owever, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment." Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996). It is important to note that the standard for a summary judgment is two-fold: (1) there is no genuine dispute as to any material fact, *and* (2) the movant is entitled to judgment as a matter of law.

In this instance, Defendants fail to show the lack of a genuine dispute as to any material fact. There are three contracts presented (the Act of Cash Sale (Doc. 22-3), the Purchase Agreement (Doc. 22-4), an addendum to the Purchase Agreement dated December 8, 2014 (Doc. 26-2, p. 6)) and the provisions of each are ambiguous. Defendants argue that the Act of Cash Sale (Doc. 22-3), is the primary contract between the parties and reflects the unambiguous agreement. (Doc. 22, p. 2). However, Harbor Metal argues that the original Purchase Agreement (Doc. 22-4) and the December 8, 2014 addendum accurately reflect the parties' intent. This addendum dated

3

December 8, 2014 and signed only by Harbor Metal's representative is posited as evidence that the paper machine was excluded from the sale to MB Dock for at least one year. (Doc. 26-2, p. 6-7). As we observed, during that one year, Harbor Metal would retain the rights to sell the paper machine and divide the profits between Harbor Metal and MB Dock. This disagreement regarding which contract and terms apply to the sale of the paper machine creates a genuine dispute as to material fact. It is unclear which document reflects the parties' actual intentions at the time of sale. Although resolution of the issue will be difficult considering the problem of the likelihood of parol evidence, the issue will require a trial. As such, Defendants are not entitled to summary judgment as a matter of law.

### B. Conclusion

For the foregoing reasons, defendant's Motion for Summary Judgment will be **DENIED**.

**SIGNED** on this 28 day of March, 2017 at Alexandria, Louisiana.

DEE D. DRELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT