RECEIVED
MAY - 1 2018
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| HARBOR METAL INVESTMENT COMPANY, LLC | CIVIL ACTION NO.1:15-2806 |
| VERSUS | |
| TRAVIS W. BROWN, ET AL. | JUDGE DEE D. DRELL<br>MAG. JUDGE PEREZ-MONTES |

## RULING

Before the court is Defendants' Motion to Dismiss and for Sanctions (Doc. 67) which they filed pursuant to Federal Rule of Civil Procedure 41. The rule provides, in part, that "if a plaintiff fails…to comply with a court order, a defendant may move to dismiss the action." Defendants argue Plaintiff failed cooperate in scheduling depositions and, once the depositions were scheduled, they failed to attend. In support, Defendants cite Rules 37(b)(2), 37(d) and request the court dismiss this case and impose sanctions.

Rule 37(b)(2) provides, in pertinent part, "if any party…fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further orders [including] dismissing the action." Section (d) of that same rule allows the court to use its discretion in imposing sanctions when a party, party's officer, director, or managing agent or a person designated under Rule 30(b)(6) fails to attend their deposition.

In this matter, it is undisputed that plaintiff failed to cooperate in scheduling or attending depositions of key witnesses for a year now. Nearly 7 months after the request for deposition dates were requested, and following the court's order compelling the plaintiff's representative, Jeff

Bodnar, to appear, the depositions was scheduled. (Doc. 60). However, a few days before the deposition, Mr. Bodnar cancelled allegedly because of illness. In light of the numerous issues faced in scheduling this deposition, the court issued an order compelling Mr. Bodnar's attendance and proof of illness. The court also issued a warning: "Failure to comply with these orders will result in the imposition of sanctions up Mr. Bodener and possibly Plaintiff, up to and including contempt proceedings and dismissal of the lawsuit with prejudice." (Doc. 62). While Mr. Bodner appeared on the newly scheduled date, he failed to provide proof of illness.

At this same time the court issued the aforementioned motion to compel Mr. Bodner's presence, it also ordered Plaintiff to make a corporate representative available for its Rule 30(b)(6) deposition. Defendants requested and awaited available dates from Plaintiff but it never responded. Accordingly, Defendants unilaterally set the Rule 30(b)(6) deposition for February 19, 2018, and on that morning, counsel for Plaintiff called to advise he had the flu and could not attend. Thus, the parties contacted the court again and obtained yet another order (Doc. 66), compelling Plaintiff's representative to appear for a Rule 30(b)(6) deposition on March 1, 2018, and to provide proof that Plaintiff had planned to attend the previously scheduled deposition. Plaintiff failed to respond to either aspect of the order.

It is undisputed that Plaintiff failed to comply with orders from this court to "make its primary representative for the United States branch of it business available for deposition in Louisiana...." (Doc.58), and to present Jeff Bodner for a deposition and a corporate representative for a Rule 30(b)(6) deposition (Docs. 60, 62,66), despite this court's warning. Plaintiff has continuously failed to cooperate with its own counsel and Defendants and has blatantly disregarded the orders of this court.

It is within the trial court judge's discretion to decide whether it is proper to dismiss a case under either Rule 37(d)(1) or 41(b). Nevertheless, the court generally considers the following factors before issuing a decision: (1) whether the failure to comply with the court's order is a result of willfulness or bad faith, and not due to the inability to comply; (2) whether the use of a less drastic sanction would not serve as a proper deterrent; (3) whether the other party was substantially prejudiced by the plaintiff's failure to comply with the court's order; and/or, (4) whether dismissal is determined to be an inappropriate sanction when the neglect is attributable to the attorney and not the blameless client. See National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643 (1986); Marshall v. Segona, 621 F.2d 763, 768 (5th Cir.1980); Batson v. Neal Spelce Associates, Inc., 765 F.2d 511, 514 (5th Cir.1985). Plaintiff was repeatedly afforded an opportunity to comply with this court's orders and it was warned that another failure to comply would result in sanctions. Still, Plaintiff thumbed its nose in response. This type of conduct is the exact kind that the cited Rules of Civil Procedure and aforementioned factors intend to deter. Accordingly, all claims asserted by Harbor Metal Investment Company, LLC against Travis W. Brown and M.B. Dock & Storage, LLC will be **DISMISSED** with prejudice.

**SIGNED** on this 1st day of May, 2018 at Alexandria, Louisiana.

**JUDGE DEE D. DRELL**
**UNITED STATES DISTRICT COURT**

3